IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JAMES L. CARPENTER,<br>       Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | No. 10-0734 |
| SHU-BEE'S, INC.<br>       Defendant. | : : : : | |

Henry S. Perkin, M.J.                       July 9, 2012

## MEMORANDUM

Plaintiff asserts claims for strict liability, negligence, breach of warranty and intentional, reckless or negligent misrepresentation against Defendant. Before the Court is the issue of whether to apply the Restatement (Second) of Torts or the Restatement (Third) of Torts to the strict liability claims in the instant suit.[1] Defendant argues that the Third Circuit, in Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 40 (3d Cir. 2009) and Covell v. Bell Sports, Inc., 651 F.3d 357, 360-362 (3d Cir. Pa. 2011), cert. denied, 132 S.Ct. 1541, 182 L.Ed.2d 162, 2012 U.S. Dist. LEXIS 1529 (Feb. 21, 2012), correctly surmised that the Pennsylvania Supreme Court would adopt the Restatement (Third) of Torts if confronted with the issue before the Court.[2]

Some Courts in this District and Circuit have held that Berrier has precedential

---

[1] Counsel have presented divergent argument in briefing on motions in limine, in Proposed Jury Instructions, and in Exhibit J to Defendant's Pretrial Memorandum whether the Restatement (Second) or Restatement (Third) applies to Plaintiff's strict liability claims.

[2] In 2008, the Supreme Court of Pennsylvania granted allocatur to specifically address whether it should apply Section 2 of the Third Restatement in place of Section 402A of the Second Restatement. Bugosh v. I.U. North Am., Inc., 596 Pa. 265, 942 A.2d 897 (Pa. 2008). In April, 2009, while Bugosh was pending before the Supreme Court of Pennsylvania, the Third Circuit Court of Appeals predicted that the state Supreme Court would adopt the Third Restatement's approach to product liability. Berrier v. Simplicity Manufacturing, Inc., 563 F.3d 38, 53 (3d Cir. 2009). After extensive oral argument, the state Supreme Court declined to adopt the Restatement (Third) and instead dismissed the Bugosh appeal as improvidently granted by Order dated June 16, 2009. Bugosh v. I.U. North Am., Inc., 971 A.2d 1228, 1229 (Pa. 2009).

value.  See Covell v. Bell Sports, Inc., 2010 U.S. Dist. LEXIS 126626 (E.D. Pa. Sept. 8, 2010)(Diamond, J.)(applying Berrier); Hoffman v. Paper Converting Mach. Co., 694 F. Supp.2d 359, 364-365 (E.D. Pa. 2010)(Tucker, J.)(same); Richetta v. Stanley Fastening Sys., L.P., 661 F. Supp.2d 500, 506-507 (E.D. Pa. 2009) (Golden, J.)(same); Martinez v. Skirmish, U.S.A., Inc., 2009 U.S. Dist. LEXIS 43837, 2009 WL 1437624 (E.D. Pa. May 21, 2009)(Padova, J.)(same).

Other Courts, however, have interpreted the Pennsylvania Supreme Court's dismissal of Bugosh as a clear indication that the Restatement (Second) remains the law in Pennsylvania and have not followed Berrier.  See Thompson v. Med-Mizer, Inc., 2011 U.S. Dist. LEXIS 30429, *19 (E.D. Pa. Mar. 18, 2011)(Gardner, J.)(citing Sweitzer v. Oxmaster, Inc., 2010 U.S. Dist. LEXIS 136036, 2010 WL 5257226, at *3-4 (E.D. Pa. Dec. 23, 2010)(Pratter, J.)(noting Superior Court of Pennsylvania Bugosh decision which affirmed applicability of Second Restatement remains unreversed)); Durkot v. Tesco Equip., LLC, 654 F. Supp.2d 295, 298-299 (E.D. Pa. 2009)(Hart, M.J.)(factually distinguishing Berrier as involving bystander not product user); Milesco v. Norfolk S. Corp., 2010 U.S. Dist. LEXIS 780, 2010 WL 55331, at *3 (M.D. Pa. Jan. 5, 2010)(Jones, J.)(rejecting Berrier but refusing to address intended user claim).

On July 12, 2011, the Third Circuit Covell v. Bell Sports, Inc., 651 F.3d 357, 360-362 (3d Cir. Pa. 2011), cert. denied, 132 S.Ct. 1541, 182 L.Ed.2d 162, 2012 U.S. Dist. LEXIS 1529 (Feb. 21, 2012) held that Bugosh was of no consequence and concluded that the state law was the same as when it decided Berrier.  The Court held that the District Court did not err in using the Restatement (Third) of Torts to guide its decisions to admit evidence and frame its jury instructions.

Last week, in the most recent case to examine the issue of whether to apply the

Restatement (Second) or Restatement (Third), the Honorable John E. Jones of the District Court for the Middle District of Pennsylvania analyzed some of the case law since Berrier and concluded that the Restatement (Second) of Torts remains the appropriate law for courts to analyze strict liability cases.  Sikkelee v. Precision Airmotive, Corp., 2012 U.S. Dist. LEXIS 91497, *26-45 (M.D. Pa. July 3, 2012).  Judge Jones stated:

> In Bugosh v. I.U. North America, Inc., 596 Pa. 265, 942 A.2d 897 (Pa. 2008), the Supreme Court of Pennsylvania certified for appeal the question of "[w]hether this Court should apply § 2 of the Restatement (Third) of Torts in place of § 402A of the Restatement (Second) of Torts." Id.  While that appeal was pending, the Third Circuit in Berrier was tasked with predicting how Pennsylvania's highest court would answer this question.  The Circuit concluded, after extensive analysis of Pennsylvania law, that the state court would likely adopt the Restatement Third when presented with the opportunity to do so.  Berrier, 563 F.3d at 46.
>
> Shortly after Berrier was decided, the Supreme Court of Pennsylvania, after extensive argument, dismissed the Bugosh appeal as improvidently granted; it thus did not decide whether the Restatement Third should definitively become the governing law in Pennsylvania.  Not long thereafter, this Court was presented with the question of whether the Restatement Third or Restatement Second should be applied in a diversity action governed by Pennsylvania law in light of the Berrier and Bugosh actions.  In Milesco v. Norfolk S. Corp., 2010 U.S. Dist. LEXIS 780 (M.D. Pa. Jan. 5, 2010), this Court held that "the Pennsylvania Supreme Court's dismissal of Bugosh was a clear indication that it intends for the Second [Restatement] to apply in the Commonwealth for the time being." Id. at 9-10; see also Durkot v. Tesco Equip., LLC, 654 F. Supp. 2d 295, 297 (E.D. Pa. Sept. 9, 2009)(concluding that the court's dismissal of the Bugosh appeal was an affirmative declination of the Restatement Third).
>
> As we made clear in our decision in Milesco in addressing the conflicting interpretations of the Bugosh and Berrier interplay, the Third Circuit's prediction in Covell is binding upon federal district courts sitting in diversity absent an affirmative indication from the Pennsylvania Supreme Court that it intends to retain the Restatement Second as the law in Pennsylvania.  In our opinion, this indication was provided in Beard v. Johnson & Johnson, Inc., 41 A.3d 823 (Pa. 2012), where the Pennsylvania Supreme Court expressly took notice of "the continuing state of disrepair in the arena of Pennsylvania strict-liability" law and nonetheless declined to take the opportunity to replace the Restatement Second with the Restatement Third. Id. at 836 at 836.n5

3

> n5 Indeed, Beard makes it abundantly clear that there remains an ideological split within the Pennsylvania Supreme Court relative to adoption of the Restatement Third. The Third Circuit's prediction in Covell assumed the formation of a consensus that has not yet crystalized.
>
> Consistent with our rationale in Milesco, we believe that the Pennsylvania Supreme Court, by again declining to take advantage of the opportunity to adopt the Restatement Third, has indicated that the Restatement Second remains the law in Pennsylvania. Indeed, Justice Baer, in a concurring opinion, expressly observed the same, stating that "the current law of Pennsylvania . . . is Section 402A of the Restatement Second." Id. at 839 (Baer, J., concurring). Accordingly, we will apply the dictates of the Restatement Second in resolving the strict products liability questions in this action.

Id. at *26-30. As Judge Gardner aptly stated in Thompson, "[t]his court is not required to follow the Third Circuit's prediction where 'the state's highest court issues a decision contradicting that prediction or state intermediate appellate court's decisions subsequently indicate that prediction has not come to pass.'" Thompson, 2011 U.S. Dist. LEXIS 30429, *20 (quoting Sweitzer, 2010 U.S. Dist. LEXIS 136036, 2010 WL 5257226, at *4 (citing Largoza v. Gen. Elec. Co., 538 F.Supp. 1164, 1166 (E.D. Pa. 1982))). In light of Justice Baer's express observation in Beard that "the current law of Pennsylvania . . . is Section 402A of the Restatement Second," we agree with Judge Jones that "the Third Circuit's prediction in Covell assumed the formation of a consensus that has not yet crystalized" and will apply the Restatement (Second) of Torts to the product liability claims in the instant case.

    An Order follows.